UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RAY SHARP,<br><br>    Petitioner,<br><br>    v.<br><br>DERRAL G. ADAMS, Warden,<br><br>    Respondent. | Case No. CV 08-5299-JVS (JTL)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

On August 13, 2008, Antonio Ray Sharp ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254 in the United States District Court for the Central District of California.

On August 18, 2008, the Court issued an Order Dismissing the Petition for Writ of Habeas Corpus with Leave to Amend. In its Order, the Court explained that a state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.[1] (See August 18, 2008 Order at 1). The Court also explained that a petitioner satisfies the exhaustion requirement if the petitioner has fairly presented the federal claims to the state courts in order to give the state the opportunity to pass upon alleged violations of the prisoner's federal rights, and that a claim has been fairly presented to the state's highest court if the

---

[1] See 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

petitioner has described both the operative facts and the federal legal theory on which the claim is based.[2] (See August 18, 2008 Order at 1). The Court dismissed the Petition because it appeared that Petitioner had not exhausted any of the claims raised in the Petition, and that he raised his claims in a habeas petition in the California Supreme Court, which is currently pending.[3] Thus, the Court directed Petitioner to file no later than September 8, 2008[4] one of the following: (1) a First Amended Petition indicating that he had indeed exhausted his state remedies as to all of the claims raised in the Petition by raising them in a petition for review or a petition for writ of habeas corpus that had been decided by the California Supreme Court; or (2) a Notice of Intent to Voluntarily Dismiss the Petition, informing the Court that he wishes to voluntarily dismiss the entire Petition without prejudice in order to return to state court for the purpose of exhausting his state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims. (See id. at 2-3). The Court also admonished Petitioner that his failure to timely respond to the Court's Order may result in a recommendation that the action be dismissed without prejudice for failure to exhaust state remedies and failure to prosecute. (Id. at 3).

Subsequently, on September 18, 2008, the Court issued an Order sua sponte extending the time for Petitioner to file a First Amended Petition to September 26, 2008. To date, Petitioner has not filed a First Amended Petition, nor has he requested an extension of time to do so.

Therefore, because Petitioner has failed to comply with the Court's August 18, 2008 Order, the Court **ORDERS** Petitioner to show cause in writing why the Petition should not be dismissed without prejudice for failure to exhaust state remedies and for failure to prosecute.

---

[2] See Duncan, 513 U.S. at 365-66.

[3] According to the California Appellate Courts – Case Information – Docket Entries at http://appellatecases.courtinfo.ca.gov, Petitioner filed a habeas petition in the California Supreme Court on May 19, 2008, and that petition is currently pending. Thus, the California Supreme Court has not yet ruled on Petitioner's claims.

[4] The Court ordered Petitioner to file a responsive pleading within twenty-one (21) days of the Court's August 18, 2008 Order, which was on or before September 8, 2008.

Petitioner's Response to the Court's Order to Show Cause shall be due within ten (10) days of the date of this Order. Petitioner's failure to respond to this Order to Show Cause will be deemed as consent to the dismissal of this case, and the case will be dismissed without prejudice.

DATED: October 10, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE